KRISTIN N. REYNA DEHART (SBN 211075)
kreyna@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Phone: (619) 696-6700
Fax: (619) 696-7124

Attorneys for Defendant, ROBERT WAGLE, individually, as trustee for the
Robert A. and Patricia E. Wagle Trust (erroneously sued herein as successor to
the business operations of Jack Wagle Tire & Brake Service, and as the Personal
Representative for the prior deceased owners, Ronald Wagle, Deceased, Elma
Wagle, Deceased, and John W. Wagle, Deceased)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FAMILY TRUST, by and through its trustees, James M. Luis and Linda M. Luis, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT WAGLE, individually, as trustee for the Robert A. & Patricia E. Wagle Trust, as successor to the business operations of Jack Wagle Tire & Brake Service, and as the Personal Representative for the prior deceased owners Ronald Wagle, Deceased, Elma Wagle, Deceased, and John W. Wagle, Deceased, <br><br> Defendants. | CASE NO.  4:24-cv-3069 <br><br> **ANSWER TO COMPLAINT OF DEFENDANT ROBERT WAGLE INDIVIDUALLY, AS TRUSTEE FOR THE ROBERT A. AND PATRICIA E. WAGLE TRUST (erroneously sued herein as successor to the business operations of Jack Wagle Tire & Brake Service, and as the Personal Representative for the prior deceased owners, Ronald Wagle, Deceased, Elma Wagle, Deceased, and John W. Wagle, Deceased)** <br><br> Complaint Filed: May 22, 2024 |

Defendant ROBERT WAGLE, individually, as trustee for the Robert A. & Patricia E. Wagle Trust, erroneously sued as successor to the business operations of Jack Wagle Tire & Brake Service, and erroneously sued as the Personal Representative for the prior deceased owners Ronald Wagle, Deceased, Elma Wagle, Deceased, and John W. Wagle, Deceased, (collectively, "Defendant") for himself only and no other defendant, hereby answers the Complaint ("Complaint") of Plaintiff LUIS FAMILY TRUST, by and through its trustees, JAMES M. LUIS and LINDA M. LUIS ("Plaintiff") and admits, denies, and alleges as follows:

///

Gordon Rees Scully Mansukhani, LLP<br>633 West Fifth Street, 52ⁿᵈ Floor<br>Los Angeles, CA 90071

**NATURE OF THE ACTION**

1.    To the extent the allegations in Paragraph 1 state legal conclusions, no response is required.  To the extent a response is required, Defendant either denies each and every allegation therein generally and specifically and/or is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and on that basis denies each and every allegation therein generally and specifically.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and on that basis denies each and every allegation therein generally and specifically.

3.    Paragraph 3 states legal conclusion(s) to which no response is required.  Alternatively, should a response be required, Defendant either denies each and every allegation therein generally and specifically and/or is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3, and on that basis denies each and every allegation therein generally and specifically.

4.    Defendant admits that Plaintiff filed a related action in 2021 entitled *Luis Family Trust v. Salisbury-Kilmer Corp, et. al.* (N.D. Cal. 4:21-cv-8797-YGR) but did not serve Wagle with that lawsuit until 2023, when it filed and served the Second Amended Complaint.  Defendant admits that Plaintiff dismissed its RCRA claim against Wagle in that case without prejudice in 2023.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4, and on that basis denies each and every allegation therein generally and specifically.

///
///
///
///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

ANSWER TO COMPLAINT OF ROBERT WAGLE                    CASE NO. 4:24-cv-3069

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

## PARTIES

### *Plaintiff*

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and on that basis denies each and every allegation therein generally and specifically.

### *Defendant*

6.    Paragraph 6 states a legal conclusion to which no response is required and/or is a statement of how Plaintiff has elected to name parties in the Complaint, to which no response is required.  To the extent a response is required, Defendant admits that he is a named defendant in Plaintiff's Complaint, and that he is a trustee of the Robert A. & Patricia E. Wagle Trust.  As to the remaining allegations in Paragraph 6, Defendant denies them generally and specifically.

7.    Defendant denies the allegations set forth in Paragraph 7 generally and specifically and further specifically denies that he is the personal representative of the Estates of Ronald Wagle, John Wagle or Elma Wagle.

8.    Defendant admits that he is a current owner of the real property located at 21739 Mission Blvd., Hayward, California ("Wagle Property") and that John and Elma Wagle purchased the Wagle Property on or about 1969.  Defendant denies, generally and specifically, the remaining allegations of paragraph 8.

### *Defendants in the Related Action*

9.    Defendant admits that S&K Toyota operated an automotive business at various times at 21715 Mission Blvd. (the Luis Property). Defendant admits that S&K Toyota commenced leasing the Wagle Property and expanded its business operations to the Wagle Property on or about 1980, where it conducted some operations until around 1990.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9, and on that basis denies each and every allegation therein generally and specifically.

ANSWER TO COMPLAINT OF ROBERT WAGLE                    CASE NO. 4:24-cv-3069

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and on that basis denies each and every allegation therein generally and specifically.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and on that basis denies each and every allegation therein generally and specifically.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and on that basis denies each and every allegation therein generally and specifically.

13.     Defendant admits the allegations of paragraph 13.

14.     Defendant admits that Wagle Tire & Brake Service and/or Wagle Tire Service operated at the Wagle Property from on or about 1969 to sometime in 1980, and that from approximately sometime in the 1970s to 1980, he was an officer and director in that company.  As to the remaining allegations in paragraph 14, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof, and on that basis denies them generally and specifically.

15.     The first sentence of Paragraph 15 states a legal conclusion to which no response is required and/or is a statement of how Plaintiff has elected to name parties in the Complaint, to which no response is required.  As to the remaining allegations, Defendant admits that John and Elma Wagle purchased the Wagle Property on or about 1969 and that John Wagle owned and operated Wagle Tire and Brake Service and/or Wagle Tire Service from on or about 1969 to 1980 and was an officer and director thereof from at least 1975 to 1980 when it went out of business, and that John Wagle passed away on or about May 17, 2016.  Defendant is without sufficient information or knowledge to respond to the remaining allegations of paragraph 15 and on that basis generally and specifically denies them.

///

ANSWER TO COMPLAINT OF ROBERT WAGLE                    CASE NO. 4:24-cv-3069

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

16.    The first sentence of Paragraph 16 states a legal conclusion to which no response is required and/or is a statement of how Plaintiff has elected to name parties in the Complaint, to which no response is required. As to the remaining allegations, Defendant admits that John and Elma Wagle purchased the Wagle Property on or about 1969 and that Elma Wagle owned and operated Wagle Tire and Brake Service and/or Wagle Tire Service from on or about 1969 to 1980 and was a director thereof from at least on or about 1975 to 1980 when it went out of business, and that Elma Wagle passed away on or about July 4, 2013. Defendant is without knowledge or information sufficient to form a belief as to the truth of remaining allegations set forth in Paragraph 16, and on that basis denies them.

17.    Defendant admits that operations at the Wagle Property included automotive services for some years going back decades to on or about 1969, and that those automotive services were operated by S&K Toyota from on or about 1980 to the early 1990s. Defendant is without sufficient information or knowledge to respond to the remaining allegations in paragraph 17 and on that basis generally and specifically denies them.

**JURISDICTION, VENUE, AND NOTICE**

18.    Paragraph 18 sets forth legal conclusions on jurisdiction to which no response is required.

19.    Paragraph 19 sets forth legal conclusions on jurisdiction to which no response is required.

20.    Defendant admits that he received a RCRA notice. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20, and on that basis generally and specifically denies them.

21.    Defendant admits that it has been more than 90 days since the RCRA notice addressed to him as trustee was received by him, to when Plaintiff appears to have filed the Complaint in this case. Defendant is without knowledge or

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1    information sufficient to form a belief as to the truth of the allegations set forth in

2    Paragraph 22, and on that basis denies them generally and specifically.

3    22.    Defendant is without knowledge or information sufficient to form a

4    belief as to the truth of the allegations set forth in Paragraph 22, and on that basis

5    denies them generally and specifically.

6                              **GENERAL ALLEGATIONS**

7                              ***Operations at the Property***

8    23.    Defendant admits the allegations of paragraph 23.

9    24.    Defendant is without knowledge or information sufficient to form a

10   belief as to the truth of the allegations set forth in Paragraph 24, and on that basis

11   denies each and every allegation therein.

12   25.    Defendant understands that S&K Toyota operated for years on one or

13   both properties and believes that Toyota Motors did directly operate at one or both

14   properties when S&K Toyota went out of business.   Defendant is without

15   knowledge or information sufficient to form a belief as to the truth of the

16   remaining allegations set forth in Paragraph 25, and on that basis denies them

17   generally and specifically.

18   26.    Defendant is without knowledge or information sufficient to form a

19   belief as to the truth of the allegations set forth in Paragraph 26, and on that basis

20   denies each and every allegation therein generally and specifically.

21   27.    Defendant admits the allegations of paragraph 27.

22   28.    Defendant is without knowledge or information sufficient to form a

23   belief as to the truth of the allegations set forth in Paragraph 28, and on that basis

24   denies each and every allegation therein generally and specifically.

25   29.    Defendant is without knowledge or information sufficient to form a

26   belief as to the truth of the allegations set forth in Paragraph 29, and on that basis

27   denies each and every allegation therein generally and specifically.

28   ///

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52ⁿᵈ Floor**
**Los Angeles, CA 90071**

ANSWER TO COMPLAINT OF ROBERT WAGLE                         CASE NO. 4:24-cv-3069

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30, and on that basis denies each and every allegation therein generally and specifically.

31.    Defendant denies each and every allegation set forth in Paragraph 31, generally and specifically.

32.    Defendant denies each and every allegation set forth in Paragraph 32, generally and specifically.

### *The Contamination*

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33, and on that basis denies each and every allegation therein generally and specifically.

34.    Paragraph 34 is a legal conclusion to which no response is required.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and on that basis denies each and every allegation therein generally and specifically.

36.    Admitted.

37.    Admitted.

38.    Admitted.

39.    Admitted.

40.    Admitted.

41.    Admitted.

42.    Admitted.

43.    Admitted.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44, and on that basis denies each and every allegation therein generally and specifically.

///

///

45.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45, and on that basis denies each and every allegation therein generally and specifically.

46.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46, and on that basis denies each and every allegation therein generally and specifically.

47.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47, and on that basis denies each and every allegation therein generally and specifically.

48.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48, and on that basis denies each and every allegation therein generally and specifically.

49.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49, and on that basis denies each and every allegation therein generally and specifically.

50.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50, and on that basis denies each and every allegation therein generally and specifically.

51.   To the extent the allegation in Paragraph 51 constitutes a legal conclusion, no response is required.  To the extent Paragraph 51 contains factual or substantive allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51, and on that basis denies each and every allegation therein generally and specifically.

52.   To the extent the allegation in Paragraph 52 constitutes a legal conclusion, no response is required.  To the extent Paragraph 52 contains factual or substantive allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52, and on that basis denies each and every allegation therein generally and specifically.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

53.    To the extent the allegation in Paragraph 53 constitutes a legal conclusion, no response is required.  To the extent Paragraph 53 contains factual or substantive allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53, and on that basis denies each and every allegation therein generally and specifically.

54.    To the extent the allegation in Paragraph 54 constitutes a legal conclusion, no response is required.  To the extent Paragraph 54 contains factual or substantive allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54, and on that basis denies each and every allegation therein generally and specifically.

55.    To the extent the allegation in Paragraph 55 constitutes a legal conclusion, no response is required.  To the extent Paragraph 55 contains factual or substantive allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 and on that basis denies each and every allegation therein generally and specifically.

56.    To the extent the allegation in Paragraph 56 constitutes a legal conclusion, no response is required.  To the extent Paragraph 56 contains factual or substantive allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56, and on that basis denies each and every allegation therein generally and specifically.

57.    To the extent the allegation in Paragraph 57 constitutes a legal conclusion, no response is required.  To the extent Paragraph 57 contains factual or substantive allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57, and on that basis denies each and every allegation therein generally and specifically.

58.    To the extent the allegation in Paragraph 58 constitutes a legal conclusion, no response is required.  To the extent Paragraph 58 contains factual or substantive allegations, Defendant is without knowledge or information sufficient

1    to form a belief as to the truth of the allegations set forth in Paragraph 58, and on

2    that basis denies each and every allegation therein generally and specifically.

3        59.    To the extent the allegation in Paragraph 59 constitutes a legal

4    conclusion, no response is required.  To the extent Paragraph 59 contains factual or

5    substantive allegations, Defendant is without knowledge or information sufficient

6    to form a belief as to the truth of the allegations set forth in Paragraph 59, and on

7    that basis denies each and every allegation therein generally and specifically.

8        60.    Defendant denies, generally and specifically, the allegations of

9    paragraph 60.

10       61.    Defendant denies, generally and specifically, the allegations of

11   paragraph 61.

12       62.    To the extent the allegation in Paragraph 62 constitutes a legal

13   conclusion, no response is required.  To the extent Paragraph 62 contains factual or

14   substantive allegations, Defendant is without knowledge or information sufficient

15   to form a belief as to the truth of those allegations, and on that basis denies them

16   generally and specifically.

17       63.    Defendant is without knowledge or information sufficient to form a

18   belief as to the truth of the allegations set forth in Paragraph 63, and on that basis

19   denies each and every allegation therein.

20       64.    Defendant denies the allegations of Paragraph 64 generally and

21   specifically.

22       65.    Defendant denies the allegations set forth in Paragraph 65, generally

23   and specifically.

24       66.    Defendant denies the allegations of Paragraph 66 generally and

25   specifically.

26       67.    Defendant denies the allegations set forth in Paragraph 67 generally

27   and specifically.

28   ///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

68.   To the extent the allegation in Paragraph 68 constitutes a legal conclusion, no response is required.  To the extent Paragraph 68 contains factual or substantive allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them generally and specifically.

69.   Defendant denies the allegations set forth in Paragraph 69, generally and specifically.

70.   Defendant denies the allegations set forth in Paragraph 70, generally and specifically.

71.   Defendant denies the allegations set forth in Paragraph 71, as they relate to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them generally and specifically.

72.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72, and on that basis denies them generally and specifically.

## FIRST CAUSE OF ACTION

### (Abatement of Imminent and Substantial Endangerment — RCRA § 7002(a)(1)(B))

### (Against the Defendant)

73.   Defendant incorporates as appropriate his responses to the allegations of Paragraphs 1 through 72 of the Complaint as set forth herein.

74.   Paragraph 74 states a legal conclusion to which no response is required.

75.   Paragraph 75 states a legal conclusion to which no response is required.

76.   Paragraph 76 states a legal conclusion to which no response is required.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   77.    Paragraph 77 states a legal conclusion to which no response is

2   required.

3   78.    Defendant is without knowledge or information sufficient to form a

4   belief as to the truth of the allegations of paragraph 78, and on that basis denies

5   them generally and specifically.

6   79.    Paragraph 79 states a legal conclusion to which no response is

7   required.

8   80.    Paragraph 80 states a legal conclusion to which no response is

9   required.

10  81.    Paragraph 81 states a legal conclusion to which no response is

11  required.

12  82.    Paragraph 82 states a legal conclusion to which no response is

13  required.

14  83.    Defendant is without knowledge or information sufficient to form a

15  belief as to the truth of the allegations of paragraph 83, and on that basis denies

16  them generally and specifically.

17  84.    Defendant is without knowledge or information sufficient to form a

18  belief as to the truth of the allegations of paragraph 84, and on that basis denies

19  them generally and specifically.

20  85.    Defendant is without knowledge or information sufficient to form a

21  belief as to the truth of the allegations of paragraph 85, and on that basis denies

22  them generally and specifically.

23  86.    Defendant is without knowledge or information sufficient to form a

24  belief as to the truth of the allegations of paragraph 86, and on that basis denies

25  them generally and specifically.

26  87.    Defendant denies the allegations of paragraph 92 generally and

27  specifically.

28  ///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

88.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88, and on that basis denies them generally and specifically.

89.   Paragraph 89 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 89 generally and specifically.

90.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90, and on that basis denies them generally and specifically.

91.   Defendant denies the allegations of paragraph 91 as to this Defendant generally and specifically.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in any respect or amount.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses.  Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

The Complaint, and each claim therein, fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant.  Plaintiff also seeks relief against Defendant that is not properly recoverable by Plaintiff, and Plaintiff is therefore barred from any recovery against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Act of Third Party)

Defendant is not liable to Plaintiff because the alleged release or threat of release of a hazardous substance and the alleged damages resulting therefrom were caused solely by an act or omission of third parties, including Plaintiff.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Capacity to Sue)

Defendant is not liable to Plaintiff because Plaintiff lacks the capacity to sue.

### FOURTH AFFIRMATIVE DEFENSE

### (Reasonable Divisibility)

Defendant is not liable, joint and severally or otherwise, to Plaintiff because Defendant's alleged contribution to the alleged contamination and/or harm, if any, is reasonably divisible from that of the other parties in this action and/or third parties.

### FIFTH AFFIRMATIVE DEFENSE

### (De Minimis/De Micromis Harm)

Defendant's alleged contribution to the alleged contamination of the Luis Property alleged in the Third Amended Complaint, if any, is de minimis and/or de micromis, especially as data shows that the Luis Property contamination has impacted the Wagle Property – not the other way around.

### SIXTH AFFIRMATIVE DEFENSE

### (Ripeness/No Injury or Damages)

Because Plaintiff presently has not suffered any cognizable harm or presently incurred any damages, there is no current case or controversy. Accordingly, Plaintiff's claims are not ripe for adjudication since Plaintiff has suffered no injury or damages cognizable under any State or Federal laws especially as data shows that the Luis Property contamination has impacted the Wagle Property – not the other way around.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Imminent and Substantial Endangerment)

There is no imminent and substantial endangerment from the alleged contamination, if any, relating to the Wagle Property.

///

1

2

## EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

3

4

5

6

7

Plaintiff had knowledge of the risks necessarily incident to matters alleged in the Complaint, and thus if Plaintiff has suffered injuries or are entitled to any relief therefore as alleged in the Complaint, which is expressly denied, those injuries and/or damages arose from and were caused by said risks knowingly and voluntarily assumed by Plaintiff.

8

9

## NINTH AFFIRMATIVE DEFENSE

### (Superseding/Intervening Acts)

10

11

12

13

14

Any harm allegedly sustained by Plaintiff was caused, in whole or in part, by the superseding and intervening acts and omissions of persons or entities for whose conduct Defendant is not responsible, especially as data shows that the Luis Property contamination has impacted the Wagle Property – not the other way around.

15

16

## TENTH AFFIRMATIVE DEFENSE

### (Contributory and Comparative Negligence)

17

18

19

20

Any and all injury or harm was caused, in whole or in part, by the negligence, carelessness, lack of due care and fault, of Plaintiff and/or third parties, especially as data shows that the Luis Property contamination has impacted the Wagle Property – not the other way around.

21

22

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reimbursement)

23

24

25

Plaintiff's claims against Defendant are or may be barred to the extent that Plaintiff has already been reimbursed or compensated in whole or in part for any loss or damage at issue in the Complaint.

26    ///

27    ///

28    ///

ANSWER TO COMPLAINT OF ROBERT WAGLE                    CASE NO. 4:24-cv-3069

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1

2

## TWELFTH AFFIRMATIVE DEFENSE

### (No Joint and Several Liability)

3

4

5

6

7

Joint and several liability should not be imposed on Defendant because joint and several liability is not mandatory and it would be inequitable. Defendant is not jointly and severally liable for any damage alleged in Plaintiff's Complaint because there is a reasonable basis upon which to apportion any liability among the parties to the captioned action.

8

9

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary or Indispensable Parties)

10

11

12

13

14

15

16

17

18

Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to join necessary and/or indispensable parties. These necessary and/or indispensable parties claim an interest, and/or are liable for alleged damages/injury, relating to the subject matter of this action. Thus, such indispensable parties are so situated that the disposition of this action in their absence may both impair and/or impede their ability to protect that interest and expose Defendant to a substantial risk of multiple liability or otherwise inconsistent obligations. The just and complete adjudication of the subject matter of this action thus requires the joinder of these absent parties.

19

20

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

21

22

23

24

The Complaint and each claim therein is barred, in whole or in part, by the doctrine of unclean hands on behalf of Plaintiff and/or others, especially as data shows that the Luis Property contamination has impacted the Wagle Property – not the other way around.

25

///

26

///

27

///

28

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each claim therein, is barred by the doctrine of laches because of the inexcusable and unreasonable delay by Plaintiff in taking action, notifying Defendant, and/or in filing this action to the prejudice of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

The injury suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages.  Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to equitable, injunctive, or declaratory relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

As a result of its own acts and omissions, Plaintiff has waived any right to recover under each and every cause of action purportedly alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each claim therein, is barred by the applicable statutes of limitations under Federal law, as applicable.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to exercise reasonable efforts to minimize or avoid any harm which is alleged to have been caused by Defendant.  By reason thereof, Plaintiff is precluded from an injunction or declaratory relief against Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The Complaint, and each claim contained therein, is barred by the doctrine of unjust enrichment, especially as data shows that the Luis Property contamination has impacted the Wagle Property – not the other way around.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Consent)

As a result of its own acts and omissions, Plaintiff has consented to any harm allegedly sustained by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Wholly Past Violations)

Defendant is not liable for the alleged costs and/or damages because the alleged violations of RCRA at issue are wholly past, and from a timeframe prior to Defendant's ownership of the property in question.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each claim contained therein, is barred by reason of acts, omissions, representation, and/or courses of conduct engaged in by Plaintiff by which Defendant was led to rely to his detriment, especially as data shows that the Luis Property contamination has impacted the Wagle Property – not the other way around.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorney Fees or "Expert Witness Fees")

The Complaint, and each cause of action contained therein, fails to allege any facts, legal theory, or statutory basis sufficient to entitle Plaintiff to recover attorney fees or expert witness fees in this action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Actions Authorized by Law)

Defendant is not liable to Plaintiff because the Defendant's acts and/or omissions, if any, were authorized by statute, regulation, ordinance, or other law.

///

///

///

ANSWER TO COMPLAINT OF ROBERT WAGLE                    CASE NO. 4:24-cv-3069

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction, Ongoing Action by Water Board)

The relief sought by Plaintiff's Complaint is, in whole or in part, within the particular expertise of and is being addressed by the California Regional Water Quality Control Board, San Francisco Region ("RWQCB"), and thus this Court should decline to exercise jurisdiction over this matter under the doctrine of primary jurisdiction; along the similar lines, the RWQCB has an ongoing investigation and action with respect to the contamination which is the subject of this Complaint, making the RCRA citizen suit barred by 42 U.S.C. 6972(b)(2)(B)-(C).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Laws)

At all times relevant hereto and respecting all activities in connection with the real property identified in the Complaint, Defendant acted with due care, complied with all statutory and regulatory requirements and industry standards, complied with the state of the art, took all required or appropriate precautions and otherwise conducted itself reasonably under the circumstances, and Defendant, therefore, cannot be held responsible for the harm alleged in the Third Amended Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize and mitigate its injury or harm, if any.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Apportionment/Divisibility)

The alleged releases of hazardous substances at the property have resulted in a harm that is reasonably capable of apportionment or divisibility among the responsible parties. If Defendant is held responsible for any of the contamination

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

alleged in the Complaint, Defendant's responsibility is limited to its divisible share.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

Defendant is informed and believes, and on that basis alleges, that his acts and omissions as alleged in the Complaint were not a proximate cause of the alleged loss or damage for which Plaintiff seeks recovery. Defendant is not liable for any response costs, injunctive or declaratory relief relating to the alleged release or threatened release of hazardous substances or solid or hazardous waste because Defendant was not the proximate cause of any such costs, harm, or damages.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Contribution or Indemnity)**

Defendant is entitled, according to proof, to contribution or indemnity from Plaintiff in this action, as alleged in Defendant's counterclaim in the companion (related/consolidated) <u>Luis v. S&K Toyota</u> matter, and such contribution or indemnity would offset or eliminate any liability of Defendant, especially as data shows that the Luis Property contamination has impacted the Wagle Property – not the other way around.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Not a RCRA Liable Person)**

Defendant is not liable to Plaintiff because Defendant does not fall within any of the liability categories of persons under RCRA as to citizen suits, 42 U.S.C. sec. 6792 et seq.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Due Care)**

To the extent Defendant used or handled the hazardous substances concerned, which Defendant denies, Defendant exercised due care with respect to

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

such hazardous substances taking into consideration the characteristics of such hazardous substances, in light of all the facts and circumstances, and took precautions against the foreseeable acts or omissions of anyone, including third parties and the consequences that could foreseeably results from the handling of such hazardous substances.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Vague, Ambiguous and Uncertain)

The Complaint, and each cause of action therein, is vague, ambiguous and uncertain.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Plaintiff Failed to Exercise Due Diligence)

Plaintiff failed to take affirmative steps, conduct all appropriate inquiry, and exercise pre-purchase due diligence before taking title to the Luis Property, especially as data shows that the Luis Property contamination has impacted the Wagle Property – not the other way around.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Knowledge)

Plaintiff knowingly took title to the Luis Property with knowledge, or is vested with knowledge of, the conditions on that property.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Injury or Damage)

Plaintiff cannot prove any facts showing that alleged acts or omissions of Defendant were the cause in fact of the damages or harm alleged in the Complaint, especially as data shows that the Luis Property contamination has impacted the Wagle Property – not the other way around.

///

///

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Voluntarily Incurred Expenses)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff or others voluntarily incurred expenses.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Entitled to Abatement/Injunctive Relief)

Plaintiff is barred from obtaining injunctive, abatement or declaratory relief as to entitlement to abatement/injunctive relief against Defendant, especially as data shows that the Luis Property contamination has impacted the Wagle Property – not the other way around.

## FORTIETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether Defendant may have additional, as of yet unstated, affirmative defenses. Accordingly, Defendant reserves the right to assert additional affirmative defenses and allegations in the event discovery and investigation reveal facts to support additional affirmative defenses and allegations.

## JURY TRIAL DEMAND

Defendant demands trial by jury of any and all issues so triable.

Dated: June 21, 2024          GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Kristin N. Reyna DeHart
Attorneys for Defendant ROBERT WAGLE individually, as trustee for the Robert A. and Patricia E. Wagle Trust (erroneously sued herein as successor to the business operations of Jack Wagle Tire & Brake Service, and as the Personal Representative for the prior deceased owners, Ronald Wagle, Deceased, Elma Wagle, Deceased, and John W. Wagle, Deceased)

1252340/62878834v.1

ANSWER TO COMPLAINT OF ROBERT WAGLE                    CASE NO. 4:24-cv-3069

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 101 W. Broadway, Suite 2000, San Diego, CA 92101. On **June 21, 2024**, I served the within documents:

**1.    ANSWER TO COMPLAINT OF DEFENDANT ROBERT WAGLE**

**XX    BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

_____    **ELECTRONIC TRANSMISSION:** By transmitting a pdf format version of the document(s) via electronic mail to the party(s) identified on the service list using the email address(es) indicated.

John R. Till                                     **Attorneys for Plaintiff**
Kirk M. Tracy
Rachel M. Smith
PALADIN LAW GROUP LLP
1176 Boulevard Way
Walnut Creek, CA 94595
Telephone: (925) 947-5700
Facsimile: (925) 935-8488
JTill@PaladinLaw.com;
KTracy@PaladinLaw.com;
RSmith@PaladinLaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 21, 2024**, at San Diego, California.

_____
Jackie Finn

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1252340/62878834v.1

ANSWER TO COMPLAINT OF ROBERT WAGLE                    CASE NO. 4:24-cv-3069